1

2

3

4          UNITED STATES DISTRICT COURT

5            DISTRICT OF NEVADA

6                  * * *

7  BRANCH BANKING AND TRUST              Case No. 2:11-CV-1776 JCM (GWF)
   COMPANY,
8                                                   ORDER
                            Plaintiff(s),
9
          v.
10
   FORD DUNEVILLE, LLC, et al., LLC, et al.,
11
                            Defendant(s).
12

13

14       Presently before the court is plaintiff's motion to reconsider this court's order granting

15  summary judgment in favor of plaintiff. (Doc. #93). Defendants filed their response in opposition

16  (doc. #97), and plaintiff filed its reply. (Doc. #101).

17       **I.     Background**

18       The facts of the instant case are familiar to the court and the parties. This action arises out of

19  defendants' breaches of secured loan agreements. Plaintiff BB&T is the successor in interest to

20  Colonial Bank. BB&T acquired the right to secured loans from the Federal Deposit Insurance

21  Company ("FDIC"), which was acting as Colonial Bank's receiver.

22       Following three non-judicial foreclosure sales on the properties that secured the loans, BB&T

23  initiated suit against defendants in three separate actions that were ultimately consolidated. (Doc.

24  #78). All three complaints listed three identical causes of action: 1) "First Claim for Relief:

25  Deficiency;" 2) "Second Claim for Relief: Breach of Guaranty – Guarantors;" and 3) "Third Claim

26  for Relief: Breach of the Covenant of Good Faith and Fair Dealing." (Doc. #93, Exh.1–3).

27       Plaintiff moved for summary judgment against defendants on all of the above listed claims as

28  well as a breach of contract claim against the borrower defendants. (Doc. #79). In its order granting

James C. Mahan
U.S. District Judge

summary judgment for plaintiff, this court found that plaintiff failed to state sufficiciently the breach of contract claim against borrower defendants in its complaint. Accordingly, the court declined to rule on borrower defendants' liabilities for breach of contract claims in its order. (Doc. #92).

Plaintiff's instant motion asks the court to reconsider its finding that it failed to assert breach of contract claims against each borrower defendant. (Doc. #93).

**II.      Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003); Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters*, 229 F.3d at 890

**III.      Discussion**

        *a.  Sufficient Notice*

Plaintiff asserts that this court committed clear error by finding that its claim of relief for breach of contract against the borrower defendants was not adequately asserted. (Doc. #93).

Rule 8(a) governs whether a claim for relief has been asserted. A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a

James C. Mahan
U.S. District Judge

- 2 -

1   "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

2   (2009) (citation omitted).

3       To comply with Rule 8, a complaint must clearly and concisely state which defendants are

4   liable for which wrongs based on which facts. *Hearns v. San Bernadino* Police Dept., 530 F.3d

5   1124, 1127 (9th Cir. 2008); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Furthermore,

6   it is the plaintiffs' duty to ensure the complaint is coherent, logical, and well-organized. *Hearns*,

7   530 F.3d at 1127.

8       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

9   1216 (9th Cir. 2011).  The *Starr* court stated, "[f]irst, to be entitled to the presumption of truth,

10  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

11  but must contain sufficient allegations of underlying facts to give fair notice and to enable the

12  opposing party to defend itself effectively.  Second, the factual allegations that are taken as true

13  must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

14  party to be subjected to the expense of discovery and continued litigation."  *Id.*

15      The heart of the issue is whether plaintiff's complaints gave defendants fair notice such that

16  defendants could determine which defendants were liable for which wrongs based on which facts.

17  Upon review of the arguments, the court finds that plaintiff's complaints did provide sufficient

18  notice of its breach of contract claim against borrower defendants.

19      The primary purpose of a complaint is to provide notice to a defendant of a plaintiff's claims

20  and the grounds upon which it rests. *Twombly*, 550 U.S. at 555; *Self Directed Placement Corp. v.*

21  *Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). The rules clearly "reject the approach that

22  pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and

23  accept the principle that the purpose of pleading is to facilitate a proper decision on the

24  merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). However, a

25  complaint must be specific enough that it informs defendant and the court of the basis of the

26  complaint and the legal grounds for discovery. *Self Directed*, 908 F.2d at 466.

27      The complaint in *Self Directed* listed four specific claims for relief but did not include an

28  explicit claim entitled "unfair competition." *Id.* Plaintiff did, however, refer to unfair competition

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    throughout the complaint. In addition, plaintiff's complaint set forth specific allegations, which
2    gave rise to at least one unfair competition claim. *Id.* Despite plaintiff's failure to label the unfair
3    competition claim as it had with its other claims, the court found that the complaint did put
4    defendants on notice of a claim against it for unfair competition.

5    Likewise, while plaintiff did not include a specific claim entitled "breach of contract against
6    the borrowers," its complaint set forth specific allegations giving rise to a breach of contract claim.
7    Those allegations include statements detailing how the borrower defendants each executed and
8    delivered a promissory note; they each then failed and refused to pay that balance, and plaintiff is
9    entitled to deficiency judgment under NRS 40.451 as a result of their respective defaults. (Doc.
10   #93). The complaint specifically stated that the borrower defendants committed each of these
11   actions, sufficiently putting them on notice that they failed to perform pursuant to their contracts.

12   Furthermore, borrower defendants appear to have been fully aware that plaintiff was seeking
13   damages upon each borrower's breach of its contractual obligations. Several of the borrower
14   defendants affirmative defenses were contract based, for example: "Answering Defendants have
15   not breached any contract;" "[t]he claims for breach of contract is barred as a result of the failure
16   to satisfy conditions precedent;" and "Plaintiff's contractual causes of action are barred by
17   Plaintiff's own anticipatory breach of its contractual duties to answering Defendants." (Docs. #6,
18   8).

19   Upon reconsideration, the court finds that plaintiff properly pled claims for relief against the
20   borrower defendants for breach of contract and that the borrower defendants had notice of that
21   claim. Therefore, the court will now turn to plaintiff's summary judgment claim.

22       *b. Summary Judgment for Breach of Contract*

23   The Federal Rules of Civil Procedure provide for summary judgment when the pleadings,
24   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
25   show that "there is no genuine dispute as to any material fact and the movant is entitled to a
26   judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is
27   "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,
28   323-24 (1986).

James C. Mahan
U.S. District Judge

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

Plaintiff argues that it is entitled to summary judgment on the issue of liability against the borrower defendants. (Docs. #79, 93). The court agrees. Indeed, even defendants concede that the factual allegations in the complaints "might support a claim of breach of contract." (Doc. #97 at 5).

In a breach of contract action, Nevada law requires that the plaintiff establish (1) the existence of a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (3) damage as a result of the breach. *See Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–20

1  (D.Nev.2006) (citing *Richardson v. Jones,* 1 Nev. 405, 405 (Nev.1865)); *see also Anahuac Mgmt.*

2  *v. Mazer,* No. 2:09–cv–01590–RLH–PAL, 2012 WL 1142714, at *3 (citing *Calloway v. City of*

3  *Reno,* 116, Nev. 250, 993 P.2d 1259, 1263 (2001)).

4  Here, it is undisputed that the loan documents are valid and enforceable

5  contracts. Similarly, borrower defendants do not dispute plaintiff's standing as the legitimate

6  successor-in-interest to Colonial Bank for the purposes of this loan. Pursuant to each note, the

7  borrowers agreed "to pay to [lender] . . . , in legal tender of the United States of America," the

8  outstanding amount due under the note. (Doc. #79, Exh. 2, 13, 24). Ford Dunville's outstanding

9  amount was due under the note on August 27, 2009, Post Rainbow's was due on April 3, 2010,

10  and the Borsack Group's was due on June 20, 2009. (Doc. #93, Exh. 1–3). Each note further states

11  that "[f]ailure to make any payment of principal and/or interest within fifteen (15) days after the

12  due date thereof or to otherwise perform ... shall constitute default" under the note. (Doc. #79,

13  Exh. 2, 13, 24). It is undisputed that the borrower defendants received the requested funds pursuant

14  to the loan documents and that they failed to repay their debts under the notes when they became

15  due.

16  There is no genuine issue of material fact that the borrower defendants failed to repay the

17  loans. The court finds that the borrower defendants each breached their respective notes when they

18  failed to repay plaintiff on the dates listed above. Therefore, the court will grant summary

19  judgment against borrower defendants on the breach of contract claim.

20  **IV.   Conclusion**

21  Accordingly,

22  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

23  reconsider, (doc. #93), be, and the same hereby is, GRANTED.

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment, (doc. #79), be, and the same hereby is, GRANTED with respect to plaintiff's breach of contract claim against the borrower defendants.

DATED February 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -